**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **BIG WILL ENTERPRISES INC.,** | |
| **Plaintiff,** | **Civil Action File No.: 6:20-cv-354** |
| **vs.** | |
| **MONTBLANC NORTH AMERICA, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Big Will Enterprises Inc. ("BWE" or the "Plaintiff") in British Columbia, by and through their undersigned attorneys, file this original Complaint against Defendant Montblanc North America, LLC ("Montblanc" or "Defendant") and allege, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

### INTRODUCTION

**1.**

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code to enjoin infringement and obtain damages from Defendant's unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for the

1

subsequent use or sale of products or methods that infringe one or more claims of United States Patents Nos. 9,049,558; 8,737,951; 8,559,914; and 8,452,273.

**2.**

BWE is an innovative company in the field of sensor technology for determining human activities for health, safety and other uses.   BWE's sensor based technologies go beyond determining simple human locations and include uniquely identifying human activities for automatically monitoring and tracking movements, such as sleep, stationary, walking, running, cycling, falling down, rotating and other human movements where capturing data and or providing feedback if desired.  BWE has created proprietary technologies in this field of technology since at least 2007 for, among other benefits, the increased health, safety and wellbeing of its users.  BWE's patented technology was developed for use on a wide variety of devices, including smartphones and wearables and are in use on many popular products in the market today. In addition to licensing, BWE has incorporated its patented technology in its own test platforms for determining human activities, motions within activities, accidents and falls, among others.

**3.**

BWE's sensor monitoring, processing and communication technology is covered by the claims of the '558 Patent, the '951 Patent, the '914 Patent, and the '273 Patent asserted in this action, as well as other BWE patents.

**JURISDICTION AND VENUE**

**4.**

BWE is a British Columbia company, incorporated in Canada having its principal place of business at 4573 West 1st Avenue, Vancouver, British Columbia V6R 1H7, Canada.

**5.**

On information and belief, Defendant Montblanc North America, LLC is a company formed under the laws of the State of Delaware. Montblanc is registered with the State of Texas to transact business in the state, it has an online business and many stores throughout the state including a store located at 15900 La Cantera Parkway, San Antonio TX, 78256.  On information and belief, Montblanc manufactures luxury goods including but not limited to: watches, jewelry, travel goods, and writing implements and sells these items online throughout the Western District of Texas and in at least its store in San Antonio.

**6.**

Upon information and belief, Defendant may be served this Complaint by service upon its registered agent C T Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

**7.**

This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**8.**

Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that, upon information and belief, Defendant routinely does business within this district, Defendant has committed acts of infringement within this district, and Defendant continues to commit acts of infringement within this district.

**9.**

Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and judicial district, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**ALLEGATIONS COMMON TO ALL COUNTS**

**10.**

Plaintiff ("BWE") owns all right, title, interest in, and has standing to sue for infringement the following patents: United States Patents No. 9,049,558 ("the '558 patent"), entitled "Systems and methods for determining mobile thing motion activity (MTMA) using sensor data of wireless communication device (WCD) and initiating activity-based actions," issued on June 02, 2015; United States Patents No. 8,737,951 ("the '951 patent"), entitled "Interactive personal surveillance and security (IPSS) systems and methods," issued on May 27, 2014; United States Patents No. 8,559,914 ("the '914 patent") entitled "Interactive personal surveillance and security (IPSS) systems and methods," issued on October 15, 2013, and United States Patents No. 8,452,273 ("the '273 patent"), entitled "Systems and methods for determining mobile thing motion activity (MTMA) using accelerometer of wireless communication device," issued May 28, 2013.  Copies of the '558 Patent, the '951 Patent, the '914 Patent and the '273 Patent are attached as Exhibits 1-4.

## COUNT I

## DIRECT INFRINGEMENT OF THE '558 PATENT

### 11.

Plaintiffs incorporate by reference the allegations of Paragraphs 1-10.

### 12.

Defendant has directly infringed and continues to directly infringe at least one or more claims of the '558 Patent, through among other activities, engineering, designing, supplying, marketing, advertising, and sale of consumer wearable activity trackers.

### 13.

The Defendant's Montblanc Summit 2 uses BWE technologies. The Montblanc Summit 2 use technologies noted in at least claims 17, 27, 42 and 52 of the '558 patent and likely other claims in the BWE patents.



**SENSORS**

| |
|---|
| Altimeter |
| Accelerometer |
| Magnetometer |
| Heart rate monitor (HRM) |
| Barometer |
| Gyroscope |

**14.**

The Defendant's website and its supporting information describe the online user information is available at https://www.montblanc.com/en-us/discover/specials/summit2.html and the manuals are available at https://www.montblanc.com/en-us/montblanc-customer-service/user-manuals.html.  The Montblanc Summit 2 uses the data from the accelerometer and heart rate sensors to track human activities such as how much time the user spends sleeping, when sedentary, when running and others.  Accelerometer data is received by time periods, length and or size and when this data is matched by multiple sets of data, activities are determined by the Montblanc Summit 2 and with apps.

**15.**

Montblanc Summit 2 uses the accelerometer reference data for determining activities such as how much time the user spends sleeping, when sedentary, when running and others.  The accelerometer data is normalized by time and or adjusting values and or series of data and or sample size for processing with reference data.  Peak frequencies, time between peaks, rounding and other processes may be used.  By comparing the Montblanc Summit 2 accelerometer data with reference data activities such as how much time the user spends sleeping, when sedentary, when

running and others the human activity is identified.  It can also track your sleep, calories burnt and calories consumed, hiking, sedentary moments and more.





**16.**

The Montblanc Summit 2 is connected to internal and external smartphone applications use data from the accelerometer sensors to determine how much time the user spends sleeping, when sedentary, when running and others.  The Montblanc Summit 2 also use accelerometers (and other sensors) to collect and process sensor data when users are wearing Montblanc Summit 2. Montblanc Summit 2 computes reference data within a framework (values, size, time, peaks, frequencies, filtering out dominant frequencies, etc.) with accelerometer data samples within the Montblanc Summit 2.

**17.**

The Montblanc Summit 2 contains memories, a processor, code and use data from accelerometer sensors to determine when a user is sleeping, sedentary, running and other human activity.

**COUNT 2**

**DIRECT INFRINGEMENT OF THE '951 PATENT**

**18.**

Plaintiffs incorporate by reference the allegations of Paragraphs 1-20.

**19.**

Defendant has directly infringed and continues to directly infringe at least Claim 10 or more claims of the '951 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and selling of consumer wearable activity trackers.

**20.**

The Montblanc Summit 2 is connected to internal and external smartphone applications and use data from accelerometer sensors to determine when a user is in deep or light sleep and when the user is stationary/sedentary (not walking) for too long.  Montblanc Summit 2 is also connected to internal and external smartphone applications for determining how much time the user spends sleeping, when sedentary, when running and others via sets of data that are continuously compared to reference data.  When the Montblanc Summit 2 connected to internal and external smartphone applications and when the user enters the sleep function the Summit 2 enters into a first investigation process by monitoring accelerometer data for determining when

sleep stages occur.  The Montblanc Summit 2 connected to internal and external smartphone applications will also investigate at least different types of data for sleep cycles.

**COUNT 3**

**DIRECT INFRINGEMENT OF THE '273 PATENT**

**21.**

Plaintiffs incorporate by reference the allegations of Paragraphs 1-20.

**22.**

Defendant has directly infringed and continues to directly infringe at least Claims 12 and 22 or more claims of the '273 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and selling of consumer wearable activity tracker products.

**23.**

The Montblanc Summit 2 uses data from the accelerometer sensors to determine how much time the user spends sleeping, when sedentary, when running and others.  The Montblanc Summit 2 connected to internal and external smartphone is equipped with accelerometers for determining and tracking human activities via accelerations via sets of data that are continuously compared to reference data.

**24.**

The Montblanc Summit 2 connected to internal and external smartphone uses reference data that determines peaks (2D) inertia motions by the accelerometer, normalizes the second data with the reference data so that the second data can be analyzed in the 2D space.

**25.**

In response to the receiving live data, the data is sampled by time and or ranges/averages, which is using a 2D analysis and identifying a mobile thing motion activity associated with a mobile based upon the normalized second data.   By comparing reference data for deep sleep, light sleep and when awake to live or recorded motion data from the accelerometer the activity is determined.



**26.**

The Montblanc Summit 2 connected to internal and external smartphone apps use data from a three dimensional (3D) accelerometer sensors to monitor when a user moves during sleep. The accelerometer data comes in sets corresponding to a time value that are continuously compared to reference data.  Montblanc Summit 2 connected to internal and external smartphone apps use reference data that when matched with live (or recorded) accelerometer data will determine how much time the user spends sleeping, when sedentary, when running and others and other human activity identifications; calculating movement data for each set based upon the reference data.  In

response to the receiving live data, the data is sampled by time, peaks, ranges, and or averages; and by comparing the reference data when sleep occurs with live accelerometer data that is normalized (by determining peaks, frequencies, timing, etc.) the motion activity (how much time the user spends sleeping, when sedentary, when running and others is determined.  It can also track your sleep, calories burnt and calories consumed, hiking, sedentary moments and more.

## COUNT 4

## DIRECT INFRINGEMENT OF THE '914 PATENT

### 27.

Plaintiffs incorporate by reference the allegations of Paragraphs 1-27.

### 28.

Defendant has directly infringed and continues to directly infringe at least Claim 5 and 15, or more claims of the '914 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and selling of consumer wearable activity trackers.

### 29.

The Montblanc Summit 2 connected to internal and external smartphone use data from at least an accelerometer to determine how much time the user spends sleeping, when sedentary, running and other human activity.

### 30.

Montblanc Summit 2 connected to internal and external smartphone applications uses at least accelerometer reference data for determining how much time the user spends sleeping, when sedentary, when running and others by values and or time-series (samples) and or frequencies.

**31.**

Montblanc Summit 2 connected to communicates surveillance information to external smartphone applications.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief that the Court enter judgment in their favor and against the Defendant, granting the following relief:

A.      That the Court enter judgment that one or more claims of the '558 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

B.      That the Court enter judgment that one or more claims of the '951 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

C.      That the Court enter judgment that one or more claims of the '273 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

D.      That the Court enter judgment that one or more claims of the '914 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

E.      That Defendant be ordered to pay damages adequate to compensate Plaintiff for its acts of infringement, pursuant to 35 U.S.C. § 284;

F.      That Plaintiff be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '558, the '914, the '951, and the'273.  Patents; That the Court find that this case is exceptional and award Plaintiff reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.      That Defendant, its officers, agents, employees, and those acting in privity with it, be preliminarily enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

H.      That Defendant, its officers, agents, employees, and those acting in privity with it, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

I.      That Defendant be ordered to pay prejudgment and post-judgment interest;

J.      That Defendant be ordered to pay all costs associated with this action; and

K.      That Plaintiff be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a jury trial on all issues justiciable by a jury.

Respectfully Submitted,

Dated:  April 30, 2020

/s/  H. Artoush Ohanian

H. Artoush Ohanian
State Bar No. 24013260
artoush@ohanianip.com

**OHANIANIP**
604 West 13th  Street
Austin, Texas 78701
Telephone: (512) 277-3266
Facsimile: (512) 298-2005

*Counsel for Plaintiff*

14